| | |
|---|---|
| 1 | BENJAMIN B. WAGNER |
| | United States Attorney |
| 2 | MICHAEL D. McCOY |
| | Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100 |
| | Sacramento, CA  95814 |
| 4 | Telephone:  (916) 554-2700 |
| | Facsimile:   (916) 554-2900 |
| 5 | |
| 6 | Attorneys for Plaintiff |
| | United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.  Cr. 12-0369 WBS |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [~~PROPOSED~~] FINDINGS AND ORDER |
| v. | |
| EDWIN WILLIAM BALERO, | |
| Defendant, | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a further status conference on December 18, 2012.

2. By this stipulation, the parties move to continue the status conference until February 4, 2013 at 9;30 a.m., and to exclude time between December 18, 2012, and February 4, 2013, under Local Code T4.

///

///

1

3. The parties agree and stipulate, and request that the Court find the following:

   a. Although the initial discovery provided to the defense by the government included a preliminary lab report, further lab analysis must still be performed on certain items of evidence related to this case. Once the additional lab analysis is performed, a supplemental report will be generated and provided to both the government and defense. Once counsel for defendant receives this additional lab report, he will need time to review it, engage in additional research and investigation, discuss potential resolutions with his client, prepare pretrial motions, and/or otherwise prepare for trial.

   b. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   c. The government joins in the request for the continuance.

   d. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   e. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 18, 2012, to February 4, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: December 13, 2012

        /s/ Michael D. McCoy
        MICHAEL D. McCOY
        Assistant United States Attorney

DATED: December 13, 2012

        /s/ Danny D. Brace, Jr.
        DANNY D. BRACE, JR.
        Counsel for Defendant EDWIN WILLIAM BALERO
        Per e-mail authorization

# O R D E R

IT IS SO FOUND AND ORDERED this 17th day of December, 2012.

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE