| | |
|---|---|
| 1 | BENJAMIN B. WAGNER |
| | United States Attorney |
| 2 | MICHAEL D. McCOY |
| | Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100 |
| | Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700 |
| | Facsimile: (916) 554-2900 |
| 5 | |
| 6 | Attorneys for Plaintiff |
| | United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | CASE NO. Cr. 12-00369 & 99-401 JAM |
| | Plaintiff, | |
| v. | | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| EDWIN WILLIAM BALERO, | | |
| | Defendant, | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on June 18, 2013.

2. By this stipulation, the parties move to continue the status conference until July 9, 2013 at 9:45 a.m., and to exclude time between June 18, 2013, and July 9, 2013, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a. The parties have been involved in plea negotiations, and the Government has extended a formal plea offer to the defendant. Defense counsel needs additional time to reevaluate the discovery previously provided by the Government, review the formal plea agreement with the defendant, and make

1

recommendations to the defendant regarding acceptance or rejection of the offer. If the defendant decides to enter into the plea agreement, defense counsel will need additional time to prepare the defendant for a change of plea hearing.

b. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary to review the Government's formal plea offer with the defendant, and to effectively prepare for a possible change of plea, taking into account the exercise of due diligence.

c. The government joins in the request for the continuance.

d. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 18, 2013, to July 9, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), (B)(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///

///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: June 14, 2013

      /s/ Michael D. McCoy
      MICHAEL D. McCOY
      Assistant United States Attorney

DATED: June 14, 2013

      /s/ Danny D. Brace, Jr.
      DANNY D. BRACE, JR.
      Counsel for Defendant EDWIN WILLIAM BALERO
      Per e-mail authorization

**O R D E R**

IT IS SO FOUND AND ORDERED this 14th day of June, 2013.

      /s/ John A. Mendez
      JOHN A. MENDEZ
      UNITED STATES DISTRICT COURT JUDGE